# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY RUCKEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv–1176-SMY |
| ) | |
| WOOD RIVER POLICE ) | |
| DEPARTMENT, ) | |
| JOHN DOE #1 and ) | |
| JOHN DOE #2 ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jeffrey Ruckel, a pretrial detainee being held at the Madison County Jail, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint (Doc. 1), Plaintiff asserts claims against the Wood River Police Department, John Doe #1 (the officer who arrested him) and John Doe #2 (the prosecutor in his criminal case) related to his arrest and prosecution on unspecified charges. He seeks compensatory damages.

This case is before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## Complaint

To the extent the Court is able to decipher, Plaintiff makes the following allegations in the Complaint: Plaintiff was arrested by John Doe #1 (a Wood River police officer, badge #155) and charged in a felony state court case, 19-CF-3207. (*Id.*, p. 1). John Doe #1 used "nonsupporting evidence" to "maliciously and falsely arrest [Plaintiff]" and…the Wood River Police are liable for failing to train him. (*Id.*, pp. 1-2). The prosecutor is using "null evidence or unsupportive evidence" to pursue the pending criminal case.

Based on the allegations in the Complaint, the Court finds it convenient to reorganize the *pro se* action into the following enumerated Counts:

**Count 1:** **Fourth and Fourteenth Amendment claim against John Doe #1 and Wood River Police Department for wrongfully detaining Plaintiff; and**

**Count 2:** **Fourteenth Amendment claim against John Doe #2 for wrongful imprisonment.**

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

### Preliminary Dismissal

As an initial matter, the Wood River Police Department as an entity cannot be sued under 42 U.S.C. § 1983. *See Averhart v. City of Chicago*, 114 F. App'x 246, 247 (7th Cir. 2004). Should Plaintiff choose to file an amended complaint, any claims he wishes to pursue against the police department should be asserted against the municipality itself.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Count 1**

With respect to his claim against John Doe #1, Plaintiff does not satisfy Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's vague and conclusory allegation that John Doe #1 used "nonsupporting evidence" to arrest him does not "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (*citing Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, Count 1 will be dismissed without prejudice.

**Count 2**

Relevant to Plaintiff's claim against John Doe #2, prosecutors are absolutely immune from liability "for their core prosecutorial actions." *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012), *citing Hartman v. Moore*, 547 U.S. 250, 261–62 (2006) (prosecutor "is absolutely immune from liability for the decision to prosecute"); *see also Spiegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997) ("Under Illinois law, the State's Attorney ... is vested with exclusive discretion in the initiation and management of a criminal prosecution."). The prosecutor's use of unspecified evidence in pursuing the case against Plaintiff is within this range of these core prosecutorial actions. As such, Count 2 must be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED without prejudice**, and **COUNT 2** is **DISMISSED with prejudice**. Defendants Wood River Police Department and John Doe #2 are **DISMISSED** from the case **with prejudice**. The Clerk is **DIRECTED** to

**TERMINATE** Defendants Wood River Police Department and John Doe #2 from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

The Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" **on or before March 9, 2020**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-1176-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and any opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 6, 2020**

s/ STACI M. YANDLE
**United States District Judge**