IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY RUCKEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv–1176-DWD |
| | ) | |
| WOOD RIVER POLICE DEPARTMENT, BRENTON J. ROMBACH, DANIEL C. BUNT, and JESS THOMAS | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Plaintiff Jeffrey Ruckel, a pretrial detainee being held at the Madison County Jail, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his second Amended Complaint (Doc. 15), Plaintiff asserts claims against the City of Wood River and three of its police officers. He seeks compensatory damages. Plaintiff's initial Complaint was dismissed without prejudice for failure to state a claim. (Doc. 11).

This case is before the Court for a preliminary review of the second Amended Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009).

1

**Complaint**

In the second Amended Complaint (Doc. 15), Plaintiff alleges that he was arrested on September 29, 2019 at a Wood River, Illinois used car lot by Defendants Thomas, Bunt and Rombach. (*Id.*, p. 6). He states that he was arrested without a warrant or "legal reason other than hearsay and their own suspicion." (*Id.*). He alleges that he is still being held in Madison County Jail despite production of exculpatory evidence. (*Id.*, pp. 8-9).

Based on the allegations in the second Amended Complaint, the Court finds it convenient to categorize the *pro se* action into the following enumerated Count:

> **Count 1:** **Fourth Amendment claim against Thomas, Bunt, Rombach and Wood River for wrongfully detaining and searching Plaintiff**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the second Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

**Discussion**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures." U.S. CONST. amend. IV. A person is "seized" whenever an official "restrains his freedom of movement" such that he is "not free to leave." *Brendlin v. California*, 551 U.S. 249, 254–55 (2007). "[T]he general rule [is] that Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." *Bailey v. United States*, 568 U.S. 186, 192 (2013) (internal quotation

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

marks omitted).  To succeed on a false arrest claim, a plaintiff must show the defendant lacked probable cause to arrest him.  *Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1056 (7th Cir. 2011)

Here, Plaintiff fails to adequately state a claim.  As to Defendants Rombach and Bunt, Plaintiff fails to allege any facts which, if true, would support a finding of liability.  Plaintiff's only allegation as to them is a conclusory statement that they "searched and arrested him without a warrant or legal reason other than their own suspicion."  (Doc. 15, p. 6).  That is not adequate to plead a valid claim.  See *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff provides some additional detail as to Defendant Thomas, who spoke to Plaintiff, placed him in the back of the squad car, and informed him he was under arrest.  However, Plaintiff does not adequately allege that Thomas detained him without probable cause.  Plaintiff's assertion is that the arrest was a violation of his constitutional rights because it was based on "hearsay and their own suspicion."  It is well settled that the combination of those two can suffice as probable cause for a warrantless arrest.  See *Anderer v. Jones*, 385 F.3d 1043, 1049 (7th Cir. 2004), *amended on denial of reh'g*, 412 F.3d 794 (7th Cir. 2005) ("[A]s long as a reasonably credible witness or victim informs the police that someone has committed, or is committing, a crime, the officers have probable cause to place the alleged culprit under arrest[.]").  The fact that allegedly exculpatory evidence later came to light does not mean no probable cause existed at the time— the inquiry focuses on the situation "at the moment the arrest was made[.]"  *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (citation omitted).   Even according the leeway generally accorded to *pro se* litigants, Plaintiff fails to sufficiently state a claim against Thomas.

Finally, Plaintiff has failed to allege a viable claim against the City of Wood River.  Plaintiff alleges two bases for his claim against Wood River: that it employed the other Defendants,

3

and that it failed to adequately train its police officers.  The first basis fails because there is no *respondeat superior* liability under § 1983.  *Daniel v. Cook Cty.*, 833 F.3d 728, 733 (7th Cir. 2016); *Montano v. City of Chi.*, 535 F.3d 558, 570 (7th Cir. 2008). To state a claim against a municipality or local governmental entity under § 1983, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality or local governmental entity.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009).  However, "there can be no liability under *Monell* for failure to train when there has been no violation of the plaintiff's constitutional rights." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007) (citation omitted).  Without an adequate allegation of underlying constitutional violation, no failure to train claim can be sustained.

Plaintiff's Second Amended Complaint will therefore be dismissed for failure to state a claim.  The Plaintiff is admonished that the process of formulating a complaint to survive minimum pleading standards is not a continuous or ongoing process. In other words, the Plaintiff will not be granted numerous opportunities to properly plead his case.  Accordingly, the Court will allow Plaintiff one additional opportunity to file an amended complaint.

However, the Court must first stay the case because the underlying state criminal case is still pending.  The Court takes judicial notice that Plaintiff has three pending felony cases in Illinois state court:   2019CF002047, 2019CF002738 and 2019CF003207.[2]   Based on Plaintiff's allegations, it appears that the arrest at issue relates to 2019CF3207, where Plaintiff is charged with receiving, possessing or selling a stolen vehicle.  Federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings.

---

[2]  See   https://www.clericusmagnus.com:8443/profoundui/start?pgm=EDOCS/WDI040CL&p1=%20MA&l1=3 (Madison County, Illinois Court Record Website).

See *Younger v. Harris*, 401 U.S. 37 (1971); *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). Here, Plaintiff's putative claims involve constitutional issues that may be litigated during the course of his criminal case—indeed, he relies on allegedly exculpatory evidence obtained during the criminal proceeding— and deciding those issues in federal court could undermine the state court proceeding. See *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). Plaintiff is currently set for trial on December 7, 2020, although the Court notes this matter has been continued a number of times already (either by agreement or on Plaintiff's motion), and so there is a reasonable possibility that the case may not be resolved then. Because monetary relief is not available to him in his defense of criminal charges, and because his claims may become time-barred by the time the state prosecution has concluded, a stay is appropriate rather than a dismissal. See *Gakuba*, 711 F.3d at 753.

## Disposition

**IT IS HEREBY ORDERED** that the Second Amended Complaint (Doc. 15) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A. Plaintiff is **GRANTED** leave to file a "Third Amended Complaint."

This matter is **STAYED** until such time as Plaintiff's underlying criminal case is resolved. Plaintiff is **DIRECTED** to file a status report with the Court on or before March 15, 2021 or within 10 days of resolution of his related state court (2019CF003207), whichever is sooner.

Should Plaintiff fail to file a status report consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. §

1915(g).  Upon receipt of a timely status report, the Court will set a deadline for Plaintiff to file a Third Amended Complaint.

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Third Amended Complaint must stand on its own without reference to any previous pleading

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Third Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and any opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 4, 2020**

_____

**David W. Dugan**
**United States District Judge**