**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JEFFREY L. RUCKEL, #20501, | |
| **Plaintiff,** | |
| v. | Case No. 19-cv-01176-DWD |
| WOOD RIVER POLICE DEPARTMENT, BRENTON J. ROMBACH, DANIEL C. BUNT, and JESS THOMAS, | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

Plaintiff Jeffrey Ruckel commenced this case while a pretrial detainee at Madison County Jail. Plaintiff's Complaint and Second Amended Complaint were both dismissed for failure to state a claim. (Doc. 11, 17). The Court allowed Plaintiff one last opportunity to properly plead his claims and granted him leave to file a Third Amended Complaint. However, in light of Plaintiff's underlying related state criminal case, the Court has stayed this action until his state case is resolved.

As directed by the Court, Plaintiff filed a status report on March 16, 2021, stating that his state criminal case was still ongoing. (Doc. 20). Thus, the case remains stayed. Plaintiff was directed to file another status report with the Court on or before August 31, 2021 or within 10 days of resolution of his related state criminal case, whichever occurred sooner. Plaintiff was warned that failure to file a status report consistent with the Court's instructions would result in dismissal with prejudice of this case for failure to comply with a court order and for failure to prosecute his claims. (Doc. 21).

The deadline has passed for Plaintiff to file a status report. He has not requested an extension or filed any documents with this Court for over seven months. The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED with prejudice**, based on Ruckel's failure to comply with the Court's Order to file a status report by August 31, 2021 (Doc. 21), and failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

If Ruckel wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Ruckel must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be unmeritorious, Ruckel may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**   November 12, 2021

_____

David W. Dugan
United States District Judge